**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:03–CR–15–TS |
| | ) | |
| | ) | |
| YOUSEF ZRIAKAT. | ) | |

**OPINION AND ORDER**

The Defendant, Yousef Zriakat, who at the district court level had a retained counsel, moved for leave to appeal his case *in forma pauperis*. With his motion, the Defendant submitted his affidavit attesting his inability to pay for counsel's services on appeal and a summary of his prison account. From these submissions, it appears that the Defendant cannot afford counsel.

However, the inquiry whether he may appeal *in forma pauperis* does not end here. Before affording the Defendant an *in forma pauperis* status, the Court must consider whether the appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3). This is an objective standard that requires the Court to consider whether the claim is frivolous—whether it is a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

The Defendant states that he wishes to appeal his sentence as unreasonable in light of the sentences received by his codefendants. He also believes that his sentence violated the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 178 (2005). Finally, the Defendant states that he did not receive effective assistance of counsel during the district court proceedings.

## A. Background

The Defendant entered into a plea agreement with the government, which was filed with this Court on February 9, 2004. In the plea agreement, among many other things, the Defendant stated the following:

- In consideration of my plea of guilty [to Count I of the Indictment], the United States of America agrees with me that the Court will impose a sentence of incarceration upon me equal to the minimum of the applicable guideline range. . . . I understand that for the purpose of sentencing the guidelines promulgated by the United States Sentencing Commission shall apply to my case. (Plea Agreement § 9(f).)

- I expressly waive my right to appeal my conviction, my sentence and my restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. (Plea Agreement § 9(l).)

- I believe and feel that my lawyer had done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me. (*Id*. § 12.)

- I declare that I offer a plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this petition. (*Id*. § 13.)

In return for the Defendant's plea of guilty and his promises stated in the plea agreement, the United States agreed to recommend to the Court a minimum sentence under the sentencing guidelines and to dismiss Counts 2–6 of the Indictment.

During his change of plea hearing, the Defendant stated to the Court that he was satisfied with his counsel's representation and that he understood that he was waiving all rights to appeal his conviction or sentence. He further stated that he had voluntarily entered into the plea agreement with the government and that he was freely entering a guilty plea to Count I of the Indictment. After thoroughly examining the Defendant, the Court accepted the Defendant's guilty plea because it found that he was taking the guilty plea freely and that he understood his rights to a jury trial.

The Defendant was sentenced on March 4, 2005, to sixty months of imprisonment. Initially, the Defendant's offense level and conduct placed him into the sentencing guidelines' range of imprisonment from seventy-eight to ninety-seven months. However, since the statutory maximum for the Defendant's penalty was sixty months, in accordance U.S.S.G. § 5G1.1(a), the Court sentenced the Defendant to that period. At that time, the Court also accepted the Defendant and the government's plea agreement, and granted the government's motion to dismiss Counts 2–6 of the Indictment.

**B.  The Defendant's Petition for Leave to Appeal *In Forma Pauperis***

The Court finds that the Defendant's appeal is not taken in good faith. First, in his plea agreement with the government, the Defendant knowingly and voluntarily waived his right to appeal his conviction or his sentence. He further agreed not to contest the quality of his counsel's representation. During the change of plea hearing, the Court questioned the Defendant on both issues and the Defendant did not give the Court even an inkling that he was taking a guilty plea against his free will or that he was dissatisfied with his counsel. Neither did the Defendant indicate any problems at his sentencing.

An appeal waiver is enforceable if the record clearly demonstrates that the defendant knowingly and voluntarily entered into the plea agreement. *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir.1995); *see also United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997) (holding that if the agreement is voluntary, and taken in compliance with Rule 11, then the waiver of appeal must be honored). Most waivers are effective when set out in writing and signed. *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999). In this case, having considered the record, the Defendant and the government's plea agreement, and the Defendant's answers to the Court at his change of plea hearing, the Court has no doubt that the Defendant waived his appeal rights knowingly and voluntarily. Accordingly, his appeal is not taken in good faith.

Moreover, the Defendant's appeal is frivolous. The Defendant wants to appeal his sentence as unreasonable. He suggests that the Court violated the law set out in *Booker* by sentencing him to sixty months of imprisonment on the basis of evidence not found by the jury beyond a reasonable doubt. The Defendant's reliance on *Booker* is misplaced. The Seventh Circuit has made it clear that

> *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decision about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system.

*McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Most importantly, however, the Court sentenced the Defendant on the facts that he himself admitted in his plea agreement and during his change of plea hearing: that the offense to which he pled guilty involved sophisticated means; that he was the organizer or leader of the criminal activity

4

that involved at least five persons and was extensive; that his offense involved an abuse of a position of trust in a manner that significantly facilitated the offense; and that his offense caused a loss in excess of $400,000.

Finally, the Defendant was sentenced to sixty months, the statutory maximum for conspiracy to commit wire fraud, 18 U.S.C. § 371, whereas, before the adjustment, the sentencing guideline range called for seventy-eight to ninety-seven months of imprisonment. This difference alone demonstrates that the Defendant's contention that his sentence was unreasonable is ill founded.

## CONCLUSION

The Court finds that the Defendant is not taking his appeal in good faith and, as a result, DENIES his motion to appeal *in forma pauperis* [DE 201].

SO ORDERED on July 13, 2005.

    S/ Theresa L. Springmann
    THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT